UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                             CASE NO. 8:18-CR-00478-T-30AAS

CHAD MICHAEL OVEREND
_____/

**SENTENCING MEMORANDUM
ON BEHALF OF CHAD MICHAEL OVEREND**

  Defendant, CHAD MICHEAL OVEREND, by and through the undersigned counsel, hereby files this Sentencing Memorandum setting forth factors that the Court may consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

        **I.**  **Case Overview**

  On February 28, 2019, Mr. Overend appeared before United States Magistrate Judge Christopher P. Tuite and pled guilty to one count of Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2).  Sentencing is currently set for Monday, July 8, 2019 at 10:15 a.m. before the Honorable James S. Moody, Jr., United States District Court Judge.

  The charge of Felon in Possession of Firearm and Ammunition is punishable by up to ten years imprisonment.   Based upon a total level offense of 13 and a criminal history category of III, Mr. Overend's guideline range is 18 to 24 months imprisonment.   Mr. Overend is requesting that the Court consider granting a two-level downward departure pursuant to U.S.S.G. §5K2.11.

("Lesser Harms") for the reasons given below.  Such a departure would result in a total offense level of 11 for a guideline range of 12 to 18 months imprisonment.

## II.   The Defendant's Background

Mr. Overend is currently 38 years old.  He was born on April 24, 1981, in Port Richey, Florida to William and Diane Overend.  Prior to his arrest and while on bond he resided with his mother and father in a two-bedroom home in Port Richey, Florida.  Mr. Overend has two siblings, a brother and a sister who are supportive, although they do not get to speak as frequently as he would like.

Mr. Overend described his upbringing as normal and average.  His needs were always met, as his mother and father both worked.  His immediate family provided him with a supportive environment.  Mr. Overend attended River Ridge High School in New Port Richey, Florida.  He and earned his diploma in 1997 and graduated with a 2.09 cumulative weighted grade point average.  Also in 1997, Mr. Overend earned a certificate in mechanics from Marchman Technical Education Center in New Port Richey, Florida.

When Mr. Overend was 20 years old, he was hit by a car while riding a bicycle and broke his left leg and hip.  The injuries that he sustained from the accident still cause him to experience pain in his left leg.  In an attempt to self-medicate, Mr. Overend began to drink at the age of 20, and initially consumed alcohol daily.  However, as he got older his alcohol consumption decreased.

When he was 32 years old, Mr. Overend stopped consuming alcohol.  However, in 2017 he began using methamphetamines daily which he attributes to the friends he was involved with. On February 21, 2019, Mr. Overend completed outpatient treatment at Pathfinder Counseling, Inc.

Mr. Overend's parents are both currently retired. He maintains a very good relationship with both of them, although they are disappointed by his involvement in this case. Mr. Overend intends to reside in his parent's home upon his release from incarceration.

### III.  Defendant's Request for a Downward Departure Pursuant to U.S.S.G. §5K2.11. ("Lesser Harms")

The policy statement for U.S.S.G. §5K2.11 states that:

Section 5K2.11 allows for a reduced sentence if the defendant committed a crime to avoid a perceived greater harm, "provided that the circumstances significantly diminish society's interest in punishing the conduct, for example, in the case of a mercy killing….Similarly, if the defendant's conduct does "not cause or threaten the harm or evil sought to be prevented by the law proscribing the offense at issue," a departure may be warranted. The policy statement lists as examples the following behavior: "a war veteran possessed a machine gun or grenade as a trophy, or a school teacher possessed controlled substances for display in a drug education program.

In this case, it is important to note that Mr. Overend's criminal act was to <u>take possession of the firearms in question for the purpose of divesting himself of ownership of them by selling them</u>. At the time Mr. Overend became a convicted felon, he already owned firearms which were stored in a locked case in the garage of his parents' home. Once Mr. Overend moved back into his parents' home, his father directed him to get rid of the firearms, and he complied. <u>Had Mr. Overend appointed a third party to accomplish the same purpose: to sell his firearms, he would not have violated the law</u>.

The case of <u>Henderson v. United States</u>, 135 S.Ct. 1780 (2015) is instructive on this point. In Henderson, the defendant was charged with the felony offense of distributing marijuana. <u>Id</u>. at 1783. As a condition of his pre-trial release, he was required to surrender all of his firearms to the FBI. The defendant entered a plea of guilty and was sentenced to prison. Upon his release, he requested that the FBI transfer his guns to a friend who had agreed to purchase them.

The FBI refused on the grounds that their release of the firearms at the defendant's direction would amount to his constructive possession of them. A subsequent request by the defendant for the District Court to approve the release of the guns to his wife was denied for the same reason. Id.

The Supreme Court disagreed, holding that "a court may…grant a felon's request to transfer his guns to a person who expects to maintain custody of them, so long as the recipient will not allow the felon to exert any influence over their use." Id. at 1787. In reaching this conclusion, the Court noted the following:

1. "What matters here is not whether a felon plays a role in deciding where his firearms should go next…[w]hat matters instead is whether the felon will have the ability to use or direct the use of his firearms after the transfer. Id. at 1786.

2. "To be sure, that person will predictably convey the firearms to someone whom the felon does not know and cannot control: That is why the Government, as a practical matter, has no worries about the transfer." Id. at 1786.

3. "Congress enacted that ban to keep firearms away from felons like Henderson, for fear that they would use those guns irresponsibly…. [y]et on the Government's construction, § 922(g) would prevent Henderson from disposing of his firearms even in ways that guarantee he never uses them again, solely because he played a part in selecting their transferee." Id. at 1786.

It is clear that Mr. Overend is guilty of the crime of being a felon in possession of a firearm. However, in light of the Court's reasoning in Henderson, the fact that his crime was the act of divesting himself of ownership of the firearms, so that he could not possess or control them ever again, is an important consideration for purposes of sentencing. As the Court noted, the policy the law attempts to further is "to keep firearms away from felons…for fear that they would use those guns irresponsibly." Id. at 1786. No such danger exists when a person sells their firearms, thereby completely transferring ownership. As such, Mr. Overend is requesting that the Court consider granting a two-level downward departure pursuant to U.S.S.G. §5K2.11. ("Lesser

Harms") for the reasons given below.   Such a departure would result in a total offense level of 11 for a sentence of 12 to 18 months imprisonment.

### IV. Conclusion

In this case, Mr. Overend entered a plea of guilty to one count of Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2).   Based upon a total level offense of 13 and a criminal history category of III, Mr. Overend's guideline range is 18 to 24 months imprisonment.   Because Mr. Overend's crime was the act of divesting himself of ownership of the firearms so that he could not use or control them again, the defense would argue that a downward departure is warranted pursuant to the Supreme Court's reasoning in Henderson v. United States, 135 S.Ct. 1780 (2015).

Accordingly, Mr. Overend is requesting that the Court consider granting a two-level downward departure pursuant to U.S.S.G. §5K2.11. ("Lesser Harms").   Such a departure would result in a total offense level of 11 for a sentence of 12 to 18 months imprisonment.   He would further request that the Court recommend him for drug treatment and vocational training while incarcerated.

Respectfully submitted,

*Geoffrey R. Cox*
**GEOFFREY R. COX, ESQUIRE**
Florida Bar Number: 0125600
*Cox & Associates, Attorneys at Law, P.A.*
29160 Chapel Park Drive
Wesley Chapel, FL 33543
Telephone: (813) 973-4910
Facsimile: (813) 907-3560
Email: gcox@coxlawfl.com
Attorney for Defendant,
CHAD MICHAEL OVEREND

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via CM/ECF to: Callan L. Albritton, Assistant United States Attorney on this 20th day of 2019.

*Geoffrey R. Cox*
**GEOFFREY R. COX, ESQUIRE**